UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATREECE JONES, individually, and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER GROUP,<br><br>          Defendant. | Case No: 1:21-cv-003217<br><br>Honorable Martha M. Pacold |

**PLAINTIFF'S CORRECTED[1] MOTION FOR LEAVE TO FILE
A FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff LaTreece Jones, individually and on behalf of all others similarly situated ("Plaintiff"), seeks leave to file an Amended Complaint pursuant to Civ. R. 15(a)(2) to clarify the factual allegations and legal claims in Plaintiff's *Class Action Complaint* ("Complaint"), modify the Class definition, and add necessary parties—specifically, proposed defendants ACI Payments, Inc., ACI Worldwide Corp., and ACI Worldwide, Inc. (collectively, the "ACI Defendants").

On June 15, 2021, Plaintiff filed her Complaint in this matter. *See*, Dkt. # 1. The Complaint alleges that Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper Group ("Defendant"), a

---

[1] Plaintiff's original version of this *Motion for Leave to File a First Amended Class Action Complaint* ("Motion") was filed on October 12, 2021. *See*, Dkt. # 28. In the original version of the Motion, the proffered Amended Complaint only included ACI Payments, Inc. as an additional party defendant and, therefore, Plaintiff only sought leave to add ACI Payments, Inc. as an additional party defendant. However, after the original version of the Motion was filed, Plaintiff learned that two additional related entities—ACI Worldwide Corp., and ACI Worldwide, Inc.—are also necessary parties to this action. To correct this omission, Plaintiff is hereby filing a corrected version of her Motion with a slightly modified proffered Amended Complaint. Aside from this change, the substance of this Motion and the proffered Amended Complaint are identical. As such, the Court should consider the instant version of the Motion, as well as the proffered Amended Complaint attached hereto, in lieu of the original version of the Motion and Amended Complaint.

mortgage loan servicer, misused Plaintiff's and Class members' financial information to impose additional charges that resulted in funds being withdrawn from Plaintiff's and Class members' bank accounts in the absence of consent, authorization, and approval given to Defendant, resulting in economic and non-economic damages, and mental and emotional anguish. *See generally*, Complaint, Dkt. # 1.

On September 7, 2021, Defendant filed its Motion to Dismiss. *See*, Dkt. # 20. After reviewing the Motion, Plaintiff believes that some of the arguments set forth therein would be best addressed through the filing of the proffered Amended Complaint, as well as curing any technical pleading defects, in lieu of directly responding to the Motion to Dismiss. Moreover, Plaintiff has determined that the Amended Complaint is necessary to add additional necessary parties, the ACI Defendants. Plaintiff is also withdrawing the Complaint's nationwide Class allegations, and amending the Class definition to limit it to just an Illinois statewide Class. Accordingly, Plaintiff seeks leave to file the proffered Amended Complaint.

A party "may amend its pleading only with the opposition party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should grant leave to amend freely, but may deny such if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir.2002), (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, as noted *supra*, through the Amended Complaint, Plaintiff seeks to address several purported deficiencies—as set forth in the Motion to Dismiss—in the operative Complaint. Accordingly, the proffered Amended Complaint is not futile, and is not sought in bad faith. Leave

to file the proffered Amended Complaint would not result in any prejudice to Defendant, as Plaintiff seeks leave to amend at an early stage in this litigation before any discovery has been conducted.

Moreover, the proffered Amended Complaint would streamline some of the issues in this case, as it would more accurately state the factual and legal bases for Plaintiff's claims, and cure any technical pleading defects raised in the Motion to Dismiss. Therefore, leave to amend would promote judicial economy, and benefit the parties, as well as the Court.

Finally, this Motion to Amend is Plaintiff's first request to file an Amended Complaint and comes *before* a ruling on the Motion to Dismiss. Therefore, considering the liberal standard of Fed. R. Civ. P. 15(a)(2), Plaintiff should be permitted to do so.

WHEREFORE, Plaintiff LaTreece Jones prays that the Court grant her leave to file the proffered Amended Complaint (attached hereto as Exhibit A), and for any other relief deemed appropriate under the circumstances. A redlined version showing the changes between the original Complaint and the proffered Amended Complaint is attached hereto as Exhibit B.

    Plaintiff LATREECE JONES, individually, and on behalf of all others similarly situated,

    By: s/Thomas A. Zimmerman, Jr.
        Thomas A. Zimmerman, Jr. (IL 6231944)
        *tom@attorneyzim.com*
        Sharon A. Harris
        *sharon@attorneyzim.com*
        Matthew C. De Re
        *matt@attorneyzim.com*
        Jeffrey D. Blake
        *jeff@attorneyzim.com*
        ZIMMERMAN LAW OFFICES, P.C.
        77 W. Washington Street, Suite 1220
        Chicago, Illinois 60602

(312) 440-0020 telephone
www.attorneyzim.com

Marc E. Dann (OH 0039425)
*mdann@dannlaw.com*
Brian D. Flick (OH 0081605)
*bflick@dannlaw.com*
DANNLAW
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539 telephone

Counsel for Plaintiff and the putative Class