# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LATREECE JONES, individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER GROUP<br><br>       Defendant. | Case No: 1:21-cv-003217<br><br>Honorable Martha M. Pacold |

## DEFENDANT NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER GROUP'S OPPOSITION TO PLAINTIFF'S CORRECTED MOTION FOR LEAVE TO FILE A FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper Group ("Nationstar") opposes Plaintiff's Corrected Motion for Leave to File a First Amended Class Action Complaint (the "Motion"). The proposed amendment is part of a concerted effort of strategic amendments and dismissals in multiple related cases that is designed to create judicial inefficiencies, increase litigation costs, and forum shop for a perceived favorite judge for a nationwide class action. Collectively, the amendments and dismissals filed in these related cases over the last month have sought to remove nationwide classes from two jurisdictions and add them in two other jurisdictions. The purpose of Plaintiff's attempted amendments is obvious. First, they are attempting to avoid the consolidation of these nearly identical cases under the first-to-file doctrine, thereby generating unnecessary litigation and increasing costs in order to drive up settlement value. Second, should that effort fail, they are attempting to artificially steer any consolidated litigation to the forum and judge of class counsel's choosing. For these reasons,

Nationstar opposes Plaintiff's Motion as an improper attempt to evade the first-to-file rule and to forum shop.[1]

## FACTUAL BACKGROUND

This case is one of nine putative class actions filed across the country arising out of allegations that Nationstar or the ACI Defendants (allegedly acting as Nationstar's agent) erroneously withdrew extra mortgage payments from borrowers' bank accounts in April 2021 via Automated Clearing House ("ACH") debit transactions.  The nine related cases are as follows:

| Case Name | Court | Judge | Date Filed | Status |
|---|---|---|---|---|
| *Dugan v. Nationstar* | M.D.N.C. | Chief Judge Thomas D. Schroeder | 4/30/2021 | Pled as statewide class; pending |
| *Thompson v. Nationstar* | D. Nev | Sr. Judge James C. Mahan | 5/2/2021 | **Voluntary Dismissal after *Padalecki* filed** |
| *Padalecki v. Nationstar* | D. Nev | Judge Richard F. Boulware, II | 5/14/2021 | Originally pled as statewide class; **amended to add nationwide class on 10/8/2021** |
| *Friday v. Nationstar* | W.D.N.C. | Judge Martin Reidinger | 5/17/2021 | Originally pled as nationwide class; attempted amendment to statewide class; **dismissed on 10/6/2021** |
| *Devereaux v. Nationstar* | C. D. Cal. | Judge Jesus G. Bernal | 5/19/2021 | Pled as statewide class; pending |
| *Miller v. Nationstar* | M.D. FL | Judge Mary S. Scriven | 6/3/2021 | Pled as statewide class; pending |
| *Jones v. Nationstar* | N.D. Ill | Judge Martha M. Pacold | 6/15/2021 | Pled as nationwide class; **motion pending to amend to statewide class filed on 10/12/2021** |
| *Keil v. Nationstar* | N.D.N.Y. | Judge David N. Hurd | 6/15/2021 | Pled as statewide class; **amended to add nationwide class on 9/28/2021** |
| *Dehner v. Nationstar* | E.D. Mich | Judge Thomas L. Ludington | 6/21/2021 | Pled as statewide class; pending |

---

[1] As noted further below, Nationstar's Opposition is based solely on Plaintiff's removal of the nationwide class. Nationstar does not object to Plaintiff adding the ACI Defendants or amending her substantive allegations in response to Nationstar's Motion to Dismiss filed on September 7, 2021. Dkts. 20 & 21.

Class counsel in this Action is also class counsel in a putative class action that was filed on behalf of Dwayne and Anita Friday in North Carolina state court, which Nationstar removed to the U.S. District Court for the Western District of North Carolina (the "*Friday* Action"). Class counsel filed the *Friday* action as the first nationwide class action. In fact, this Action and the *Friday* Action were the **only two** of the nine related class action complaints to assert claims on behalf of a nationwide putative class when they were originally pled. Class counsel's decision to plead claims on behalf of a nationwide class is consistent with well-recognized principles of efficient judicial resolution of such disputes. Indeed, Wright & Miller states:

> One of the most troubling problems in the modern class-action arena is the filing of multiple, competing class actions in state and federal courts all directed toward the same conduct or activities, which are alleged to have caused harm that is multistate, if not national, in scope. Clearly, a single nationwide class action seems to be the best means of achieving judicial economy. In its absence, these competing and duplicative actions not only generate unnecessary litigation and duplicative fees, but also they may result in delay, pose complicated problems of judicial coordination in some instances, increase the risk of disparate verdicts raising serious questions of fairness, and, in situations in which there are limited funds available as compensation, result in the unequal distribution of those funds.

7B Wright & Miller, Federal Practice & Procedure § 1798.1 (3d ed. 2005).

In seeking an efficient means of adjudicating these related matters, Nationstar asserted in its original Motion to Dismiss that this Action, and all other related actions post-dating the *Friday* Action, should be dismissed or stayed under the first-to-file rule. Dkt. 21 at pp. 5–11. In short, because the *Friday* Action sought relief on behalf of a nationwide class, that action fully encompassed all the subsequent class actions asserting claims arising out of the same conduct on behalf of statewide classes—making these statewide class actions duplicative and unnecessary. *Id.* After Nationstar asserted these first-to-file arguments, the three groups of class counsel representing the plaintiffs in the related litigation jointly reached out to Nationstar's counsel to discuss the prospect of the parties agreeing to a jurisdiction where the actions could be adjudicated

on a consolidated basis. While these efforts ultimately failed, they showed class counsel were coordinating with one another and understood that consolidation was the judicially preferred, fair, and efficient path.

On September 24, 2021, everything changed. After consolidation discussions stalled, but before briefing was closed in any of the actions where Nationstar had asserted its first-to-file argument, class counsel attempted to amend the complaint in the *Friday* Action to remove the nationwide class. Ex. 1 (*Friday* First Amended Complaint). This proffered amendment was a clear attempt to sidestep the pending first-to-file arguments in the other actions and preserve the scattered litigation structure across jurisdictions. However, class counsel failed to file this proffered amended complaint in a timely manner, and the Court *sua sponte* entered an Order to Show Cause directing class counsel to file a brief explaining why the amended pleadings should not be stricken as untimely. Ex. 2 (*Friday* Order to Show Cause). Tellingly, rather than respond to the Order to Show Cause, which would have initiated a briefing cycle that would have allowed Nationstar to address the gamesmanship underlying the amended pleading, class counsel filed a voluntary dismissal of *Friday,* eliminating that nationwide class. Ex. 3 (*Friday* Notice of Voluntary Dismissal Without Prejudice). In other words, class counsel deemed it preferable to abandon the action entirely rather than risk leaving the nationwide class in place, which would have left Nationstar's first-to-file arguments in other jurisdictions unaltered.

Nationstar has since argued that **all related class actions filed after the *Friday* Action should be dismissed or stayed in favor of this Action**, on the grounds that the same class counsel pled identical nationwide classes in *Jones* and *Friday*, and so this Action should be treated as though filed on the same date as the now-dismissed *Friday* Action. *See Devereaux v. Nationstar Mortgage, LLC,* C.D. Cal., Case No. 5:21-cv-873, Dkt. 37 at pp. 17-23; *see also McGarry v. Delta*

*Air Lines, Inc.,* 2018 WL 6928799, at *3 (N.D. Ga. Nov. 20, 2018) (holding that substituting class representatives was irrelevant for purposes of the first-to-file rule, and that the controlling date was the date of the first filing with the defined class that counsel was seeking to certify). In response, Plaintiff has filed this Motion, proffering a proposed amended complaint that **abandons the nationwide class here as well**.

Moreover, the procedural maneuvering of the coalition of class counsel has not been limited to removing nationwide classes to evade Nationstar's first-to-file arguments. Rather, in addition to the proposed amendment removing the national class in this action, the coalition of class counsel has **added** nationwide classes through amended pleadings in two other actions that were originally pled on behalf of statewide classes in the District of Nevada (*Padalecki v. Nationstar*, Case No. 2:21-cv-938) and the Northern District of New York (*Keil v. Nationstar*, N.D.N.Y, Case No. 6:21-cv-0069). Exs. 4 (*Padalecki* First Amended Class Action Complaint), and 5 (*Keil* First Amended Class Action Complaint).

It is important to note that Nationstar does not object to class counsel amending their pleading in order to add the ACI Defendants or to attempt to address pleading deficiencies in the original Complaint. However, it does object to amendments designed simply to shift the nationwide class from one jurisdiction to another in order to evade the first-to-file rule and engage in forum shopping. For these reasons, the day after Nationstar received a copy of this Motion, it offered to consent to the proffered Amended Complaint on the condition that the nationwide class be reinstated in this case so that Nationstar's pending first-to-file arguments could be evaluated on their merits. Class counsel refused this offer.

## STANDARD OF REVIEW

Under Rule 15, after twenty-one days have passed since the filing of a defendant's responsive pleading, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2), Federal Rules of Civil Procedure. In the Seventh Circuit, "the court has broad discretion to deny leave to amend if there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or if the amendment would be futile." *Villarreal v. Arnold*, No. 17 CV 3141, 2018 WL 11235649, at *2 (N.D. Ill. May 29, 2018) (citing *Right Field Rooftops, LLC v. Chi. Cubs Baseball Club, LLC*, 870 F.3d 682, 693 (7th Cir. 2017)).

## ARGUMENT

The Court should deny Plaintiff's Motion seeking to abandon the nationwide putative class in the proffered First Amended Complaint. This is because the amendment would further a concerted effort to avoid consolidating this case with related litigation to create judicial inefficiencies and drive up litigation costs, or, alternatively, allow class counsel to brazenly forum shop for a perceived favorite judge. Moreover, if Plaintiff ultimately elects not to pursue a nationwide class, Plaintiff is, of course, entitled to seek to certify a narrower class when Plaintiff files a motion for certification. However, Plaintiff cannot be permitted to select the jurisdiction where a consolidated action will proceed through opportunistic amendments and dismissals of nationwide classes after all nine related class actions have been filed and judges assigned to each action.

The express purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1, Federal Rules of Civil Procedure. To that end, "Rule 15(a) is not a license for carelessness or gamesmanship. Parties to

litigation have an interest in speedy resolution of their disputes without undue expense." *Juracek v. City of O'Fallon, Illinois,* 2007 WL 4225591, at *1 (S.D. Ill. Nov. 20, 2007). For this reason, a court should deny leave to amend where necessary "to deter such artificial protraction of litigation, and its costs to all concerned." *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1226 (7th Cir. 1988). Stated differently, "[p]roposed amendments that clearly try to avoid unfavorable consequences on the merits or gain tactical advantage on the merits are brought in bad faith." *Member Select Ins. Co. v. Cub Cadet, LLC*, 2017 WL 563161, at *2 (N.D. Ind. Feb. 13, 2017). "A motion to amend a complaint is properly denied if the amendment is sought in bad faith." *Id.* at *1.

Class counsel's attempt to abandon nationwide classes in the Western District of North Carolina and Northern District of Illinois, while contemporaneously adding nationwide classes in the District of Nevada and Northern District of New York, serves two purposes, neither of which is a proper basis for amendment under the standard above. First, removing the nationwide classes that Nationstar relied on in asserting its first-to-file argument while adding nationwide classes elsewhere is an attempt to avoid the first-to-file rule on technical grounds. *Cf. Mehr v. Cap. One Bank USA N.A.*, 2019 WL 2428768, at *3 (C.D. Cal. Jan. 4, 2019) (staying action brought on behalf of subclass of California consumers under first-to-file rule where earlier-filed action included a putative nationwide class that "necessarily includes the California consumers"). Second, in the event that the courts do not apply such a hyper-technical reading of the first-to-file rule and elect to stay or dismiss the statewide class actions, by selecting where to plead their nationwide classes after judges have been assigned to each action, class counsel are attempting to place a thumb on the scale for which forum will control the consolidated action. Both objectives are improper bases for seeking leave to amend, and, as a result, Plaintiff's motion must be denied.

7

### A. Plaintiff should not receive leave to amend for the purpose of evading the first-to-file rule.

First, class counsel should not be permitted to evade the first-to-file rule by removing the nationwide classes that were the basis for Nationstar's first-to-file arguments only to reinsert them in other actions. Courts strongly disfavor such opportunistic amendments that are intended to sidestep, rather than directly address, arguments asserted in a motion to dismiss the original pleading. *See Aasen v. DRM, Inc.,* 2010 WL 2698296, at *2 (N.D. Ill. July 8, 2010) (dismissing amended complaint where plaintiff removed the allegations in original pleading relied on in the motion to dismiss, noting "[t]he revised allegations in the amended complaint reflect an intentional manipulation to avoid the consequences of defendants' appropriate motion to dismiss."); *see also Nance v. NBCUniversal Media, LLC,* 2018 WL 1762440, at *5 (N.D. Ill. Apr. 12, 2018) ("Allowing Plaintiff to remold his allegations around Defendants' Motion will only waste the Courts and the parties' time: such earnest gamesmanship is not in the interests of justice and will not be allowed.").

For this reason, courts view with substantial skepticism amended pleadings that are transparently intended to avoid the ramifications of the first-to-file rule. For example, where the same class counsel filed class actions arising out of the same events first in California (*Garcia*) and then in Arizona and Illinois, the U.S. District Court for the Southern District of Illinois applied the first-to-file rule to stay the Illinois action so that the California action could proceed, **notwithstanding the fact that the California action had been subsequently amended to specifically exclude Illinois residents from its proposed nationwide class**. *Bouas v. Harley-Davidson Motor Co. Grp.*, LLC, No. 3:19-CV-1367-NJR, 2020 WL 2334336, at *1 (S.D. Ill. May 11, 2020).[2] In staying *Bouas,* the court noted that it was "inclined to suspect that the changes to

---

[2] Here, the attorneys representing plaintiff in the *Keil* action have attempted the exact same maneuver, filing an

8

the complaint in *Garcia* are motivated by a desire to permit multiple suits in multiple venues to proceed, circumventing the first-to-file rule through the appearance of disparate parties." *Id.* at *2.

As in *Bouas*, the Court here should not allow opportunistic amendments designed to evade the application of the first-to-file rule, which is intended to promote judicial efficiency. Allowing all of these actions to proceed simultaneously would mean that cases brought by different plaintiffs' attorneys against Nationstar concerning identical factual issues would be proceeding on different discovery schedules, involving overlapping document productions and requiring fact and expert witnesses to sit for multiple depositions to address the same events. Similarly, different plaintiffs' attorneys presenting different arguments to different courts regarding the same factual events could lead not only to inconsistent final judgments, but also inconsistent legal rulings on potential key issues such as whether Nationstar should be liable for the mistakes of a vendor under a theory of agency, whether class adjudication is appropriate, and whether a borrower has incurred injury at all if the amount of a mistaken debit is returned to the borrower's account before the borrower is aware of it. The court should not permit an amendment designed to increase the strain on judicial resources and the risk of inconsistent verdicts.

### B. Plaintiff should not receive leave to amend for the purpose of engaging in forum shopping.

Second, class counsel's attempts to hedge their bets against the first-to-file rule by relocating their nationwide classes to forums they view as favorable—after judges have been assigned to each action—is likewise an improper basis for seeking leave to amend. This strategy,

---

amended complaint with a nationwide class that excludes only the six other states where the related litigation is pending. *Keil v. Nationstar*, N.D.N.Y, Case No. 6:21-cv-0069 Dkt. 21 ¶ 49. This too reflects a desire to avoid the consolidated, efficient adjudication of these claims, as there is no plausible explanation for carving out six states from a national class other than attempting to allow those other pending actions to proceed separately.

if permitted, would essentially allow class counsel to choose which judge would preside over a consolidated action by relocating the nationwide class to their preferred forum.

It is well-settled that initiating multiple actions with the intention of pursuing the action where the path looks most favorable constitutes forum shopping. *FlavaWorks v. A4A Reseau, Inc.,* 2015 WL 1926280, at *2 (N.D. Ill. Apr. 28, 2015) (finding that plaintiff's conduct in initially choosing to pursue its claims in the Southern District of Florida, only to abandon the suit and file the same action in Illinois was a "capricious us[e] of the court system" and "forum shopping [which] does not promote judicial economy or the efficient administration of justice."); *see also Kovali v. DEC Int'l, Inc.,* 855 F.2d 471, 475 (7th Cir. 1988) (stating that the court is "vested with the discretion" to deny voluntary dismissal where the court determines that a plaintiff's decision to proceed in two forums and later seek dismissal of the federal action constitutes "an unfair manipulation of the federal forum"). Such forum shopping is, of course, strongly disfavored. *See Harvey v. Life Spine, Inc.,* 2020 WL 4736397, at *2 (N.D. Ill. Aug. 14, 2020) ("District courts have recognized that discouraging forum shopping and judge shopping is an important objective."); *Caterpillar, Inc. v. ESCO Corp.*, 909 F. Supp. 2d 1026, 1036 (C.D. Ill. 2012) ("Courts are always concerned about the prevention of pernicious forum-shopping[.]"); *Worthem v. Gillette Co.*, 774 F. Supp. 514, 516 (N.D. Ill. 1991) ("[F]orum shopping is not encouraged.").

As a result, amending a pleading for the purpose of engaging in forum shopping is improper. *See Cub Cadet, LLC,* 2017 WL 563161, at *2 (noting that "whether Plaintiff is trying to forum shop" is "[r]elevant to the bad faith determination" in denying a motion for leave to amend a complaint); *see also Talton v. Unisource Network Servs., Inc.*, 2004 WL 3119007, at *1 (N.D. Ill. Dec. 21, 2004) (denying a motion to amend on the grounds that granting leave to amend "would permit unfair strategic gamesmanship"); *Patton Elec. Co. v. Rampart Air, Inc.,* 777 F.

Supp. 704, 712 (N.D. Ind. 1991) (granting motion to dismiss and noting "the shared interest of the states in furthering substantive social policies will be served by thwarting plaintiff's attempt to engage in forum-shopping.").

Here, the Court should deny Plaintiff's Motion because relocating the nationwide classes through amendments and dismissals in anticipation of eventual consolidation is purely for the purpose of engaging in forum shopping and unfair strategic gamesmanship. Class counsel is attempting to manipulate the federal court system by selecting the jurisdiction where a consolidated action will proceed after all nine related class actions have been filed and judges assigned to each action. Furthermore, Plaintiff's Motion should be denied because Plaintiff's litigation tactics circumvent judicial economy and prevent the efficient administration of justice, which the Federal Rules of Civil Procedure are designed to promote. Accordingly, the Court should deny leave to amend.

## CONCLUSION

The Court should deny Plaintiff's Corrected Motion for Leave to File a First Amended Class Action Complaint because Plaintiff has abandoned its nationwide class for the improper purposes of seeking to evade the first-to-file rule and, alternatively, to engage in forum shopping.

This is the 26th day of October 2021.

MCGUIREWOODS LLP

/s/ *Benjamin H. Cook*
Benjamin H. Cook
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 750-3579
Facsimile: (312) 698-4565
bcook@mcguirewoods.com

*Attorneys for Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper Group*

**CERTIFICATE OF SERVICE**

I hereby certify that on this **26th day of October 2021**, the foregoing **DEFENDANT NATIONSTAR MORTGAGE LLC d//b/a MR. COOPER GROUP'S OPPOSITION TO PLAINTIFF'S CORRECTED MOTION FOR LEAVE TO FILE A FIRST AMENDED CLASS ACTION COMPLAINT** was filed with the Court using the CM/ECF system which will automatically serve all attorneys of record via the Courts CM/ECF System.

/s/ *Benjamin H. Cook*
Benjamin H. Cook